# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

**WALTER JUNIOR ROBERSON**                                                       **PLAINTIFF**

**v.**                                  **No. 1:14CV205-SA-JMV**

**CRAWLEY-FORD, ATTORNEYS AT LAW**                               **DEFENDANT**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Walter Junior Roberson who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, the instant case will be dismissed for failure to state a claim upon which relief could be granted.

### Factual Allegations

An attorney with the Crawley-Ford Law Firm placed $10,000.00 of Roberson's money presumably received from a settlement and placed it in a trust account pending resolution of a claim against the money by Medicaid. Roberson believes that he is entitled to the entire amount, and he would like for the money to be placed into his prison trust account.

### Under Color of State Law

Section 1983 states in part, "Every person who, under color of any statute, ordinance, regulation, custom, or usage of any state or territory or the District of Columbia, subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof for the deprivation of any rights, privileges, immunities secured by the Constitution and laws shall be liable to the party injured . . . ." 42 U.S.C. § 1983. Section 1983 offers no remedy for the wrongful conduct of private parties, no matter how onerous the conduct. *Cornish v. Correctional Services Corp.*, 402 F.3d

545 (5th Cir. 2005). For a plaintiff to state a viable § 1983 constitutional deprivation claim against a private party, the private party's alleged conduct must constitute state action under color of state law. *Lugar v. Edmonson Oil Co.*, 457 U.S. 922 (1982). In this case Mr. Roberson has not alleged that his attorneys' actions were taken under color of state law. As such, the instant case will be dismissed for failure to state a claim upon which relief could be granted.

**SO ORDERED**, this, the 18th day of December, 2014.

/s/ Sharion Aycock
Chief Judge
U.S. DISTRICT COURT
NORTHERN DISTRICT OF MS